IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN TREVOR TURNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 124-201 |
| | ) | |
| STATE OF GEORGIA; RICHMOND COUNTY SHERIFF'S DEPT; and DEVIN CAMANCHO, | ) ) ) | |
| | ) | |
| Respondent.[1] | ) | |

**O R D E R**

Petitioner, an inmate at Coffee Correctional Facility in Nicholls, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. The Court ordered this § 2254 habeas corpus case opened after the § 2254 petition was originally filed in Petitioner's § 1983 civil rights case. See Turner v. State of Georgia, CV 124-170, doc. no. 6 (S.D. Ga. Sept. 25, 2024). Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.    BACKGROUND**

Petitioner states he pleaded guilty to possession of methamphetamine and received five years of probation. (Doc. no. 1, p. 1); see also Richmond County Clerk of Court Web Docket,

---

[1] Because the petition should be dismissed for the reasons discussed herein, the Court need not determine at this time who the proper Respondent should be.

available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Turner, John Trevor," open 2021RCCR01497, last visited December 5, 2024), Ex. A attached; United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). Petitioner reports his probation was revoked on November 28, 2022, and he has been confined since then. (Doc. no. 1, p. 1, 13.) The State opened a new criminal case for the offense underlying Petitioner's probation revocation, but this case was ultimately dismissed. (Id. at 13.) Following his probation revocation, Petitioner states he filed several motions to modify his sentence. (Id. at 3-5.) Indeed, publicly available records confirm Plaintiff has multiple pending motions to modify sentence, the earliest of which Petitioner filed on October 31, 2023. See Ex. A, 2021RCCR01497 docket. Publicly available records further verify the criminal case against Petitioner related to his probation violation was dismissed. See Ex. A, 2023RCCR00099 docket.

Petitioner signed the instant federal petition on October 20, 2024. (Doc. no. 1, p. 15.) Petitioner challenges his probation revocation on the ground of "false imprisonment," alleging he is currently being unlawfully confined because the charge underlying his probation revocation was dismissed, he had no warrants at the time of his arrest, he received no preliminary hearing, and his motions to modify sentence have not had hearings scheduled or relief ordered. (Id. at 5.)

## II.   DISCUSSION

### A.   The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas

corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state

3

courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies."  Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

> B.    **Petitioner Failed to Exhaust State Remedies**

Petitioner concedes he has state proceedings pending in which he challenges the validity of his current confinement and sentence.  (Doc. no. 1, pp. 3-5.)  Specifically, Petitioner reports he has currently pending motions to modify sentence before the Richmond County Superior Court.  (Id. at 3-5, 13, 14.)  He states no hearing has yet been scheduled on any of the motions despite filing them "on 3 separate [occasions] in a two year time frame." (Id. at 4, 5.)  These pending motions demonstrate Petitioner has not yet exhausted state court remedies.  See, e.g., Plummer v. FNU Parsons, No. CV 310-065, 2010 WL 3362638, at *3 (S.D. Ga. July 29, 2010) (reasoning pending motion to modify sentence meant petitioner "ha[d] not alleged the requisite exhaustion of his available state remedies"), *adopted by* 2010 WL 3365337 (S.D. Ga. Aug. 24, 2010); Pumphrey v. Brown, No. 1:12-CV-4337, 2012 WL 6924529, at *1 (N.D. Ga. Dec. 21, 2012) (recommending dismissal for failure to exhaust because petitioner had pending motion to modify sentence and did not "allege[] that the state process has become 'ineffective' to protect his rights"), *adopted by* 2013 WL 251191 (N.D. Ga. Jan. 22, 2013).

Moreover, should Petitioner not be satisfied with a ruling on his motions to modify sentence, Georgia case law makes clear that, subject to various state procedural requirements, the state courts are available for Petitioner to raise claims concerning these motions.  See O.C.G.A. §

4

17-10-1(f) (providing court's ability to modify sentence within applicable time period); Patterson v. State, 817 S.E.2d 557, 559 n.3 (Ga. App. 2018) (explaining denials of timely motions to modify sentence are directly appealable); Rooney v. State, 734 S.E.2d 104, 105 (Ga. App. 2012) (describing procedures for untimely filed motions to modify sentence); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Only in rare circumstances may a federal habeas court deviate from the exhaustion requirement, such as in cases where the delay in the state courts is unreasonable or otherwise unjustified. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[2]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state

---

[2] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Although Petitioner asserts that he is still waiting for a hearing date on his motions and needs relief now, (doc. no. 1, p. 4), he fails to establish an unreasonable amount of time has elapsed since he filed his motions to modify sentence. He does not provide the specific dates on which he filed the motions to modify sentence, though he alleges he "has been incarcerated for approximately 2 years in a few more days." (Id. at 14.) Publicly available records reveal Petitioner filed his first motion to modify sentence on October 31, 2023, and he filed five more motions to modify on April 19, June 5, July 12, September 25, and October 17, 2024. See Ex. A, 2021RCCR01497 docket.

Although Petitioner points to the lack of scheduled hearings, he does not establish any indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. See Cook v. Fla. Parole & Prob. Comm'n, 749 F.2d 678, 679-80 (11th Cir. 1985) (concluding state court's three-and-a-half-year delay in ruling on petitioner's state habeas motion was not "unreasonable or unjustified"). Moreover, public records further reveal Petitioner filed five of the six of motions to modify sentence within the few months prior to Petitioner filing the instant petition. See Ex A, 2021RCCR01497 docket. Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan,

526 U.S. at 842 (emphasis added). Petitioner also has other available state remedies, and he does not prove any unreasonable delay or the state court's refusal to address his motions. As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 5th day of December, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA