```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                  SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION
```

| | |
|---|---|
| JOHN TREVOR TURNER, | * |
| Plaintiff, | * |
| v. | *   CV 124-201 |
| STATE OF GEORGIA, et al., | * |
| Defendants. | * |

# O R D E R

The case at bar is closed. (Doc. 7.) Plaintiff filed this motion titled "Motion to unmoot, Admiss, and Open or Reopen Cases and Claims up above and to also add a defendant" in response to the Court's January 8, 2025 Order dismissing this case. (Doc. 11.) Under the Court's obligation to construe *pro se* filings liberally, the Court considers Plaintiff's motion as a motion for reconsideration and **DENIES** it. Consequently, the request to "add a defendant" included in the filing is **DENIED AS MOOT**. (Id. at 1.)

The relevant background is set forth in the Magistrate Judge's Report and Recommendation. (Doc. 4.) The current motion simply outlines Plaintiff's disagreements with his case being dismissed and provides no legal arguments to support his request for reconsideration. (See Doc. 11.) Further, the motion contains no additional evidence relating to the claims. (Id.)

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission).

Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its

prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Plaintiff fails to note under which rule he brings this action; thus, it is up to the Court to determine. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Plaintiff filed his motion 96 days following entry of the Order; therefore, the Court analyzes the motion under Federal Rule of Civil Procedure 60(b). See Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003).

Rule 60(b) "allows for relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment

3

has been satisfied; or (6) any other reason justifying relief from the operation of the judgment." Marsh v. Dep't of Children & Families, 259 F. App'x 201, 205 (11th Cir. 2007) (citing FED. R. CIV. P. 60(b)) (internal quotation marks omitted). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

The present motion does not satisfy the requirements of reconsideration because Plaintiff has not shown there has been a mistake or inexcusable neglect, nor that there is newly discovered evidence or fraud. He has also failed to show that the judgment is void or has been satisfied, and he has not provided any other reason why he should be granted relief from the operation of the judgment. Therefore, Plaintiff provides nothing to justify the Court's reconsideration of its prior decision.

For these reasons, Plaintiff's motion to reopen and to "unmoot" the case (Doc. 11) is **DENIED**. This case remains **CLOSED**. As a result, Plaintiff's motion to "add a defendant" is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this ___15th___ day of October, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4